UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KENNETH J. TRUBY,

         Plaintiff,

                  Case # 18-CV-6069-FPG

v.

                  DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

         Defendant.

Plaintiff Kenneth J. Truby brings this action pursuant to the Social Security Act seeking review of the denial of his Disability Insurance Benefits ("DIB") application. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. § 405(g).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 13, 18. For the reasons that follow, Truby's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

**BACKGROUND**

On June 2, 2014, Truby protectively applied for DIB with the Social Security Administration ("the SSA"). Tr. 162-69.[1] He alleged that he had been disabled since October 10, 2012 due to broken hands, broken wrists, torn right rotator cuff, partially torn left rotator cuff, degenerative disc disease, high blood pressure, back pain, and knee pain. Tr. 209, 212. On July 14, 2016, Truby and a vocational expert ("VE") testified at a hearing before Administrative Law Judge Michael Carr ("the ALJ"). Tr. 26-72. On September 21, 2016, the ALJ issued a decision finding that Truby was not disabled within the meaning of the Act. Tr. 10-20. On November 24,

---

[1] References to "Tr." are to the administrative record in this matter.

2017, the Appeals Council denied Truby's request for review. Tr. 1-3. This action seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id*. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, the claimant is disabled. *Id.* § 404.1509. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id*. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. *Id*. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. Id. § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

**I.     The ALJ's Decision**

The ALJ's decision analyzed Truby's claim for benefits under the process described above. At step one, the ALJ found that Truby had not engaged in substantial gainful activity since the alleged onset date. Tr. 12.

At step two, the ALJ found that Truby has the following severe impairments: degenerative disc disease, arthritis in the left shoulder, right ulnar sensory neuropathy, right median

sensorimotor axonal neuropathy, left median sensory demyelinating neuropathy, emphysema, and right knee ACL tear. Tr. 12. He also found that Truby had nonsevere mental impairments. *Id.* At step three, the ALJ found that Truby's physical impairments, alone or in combination, did not meet or medically equal an impairment in the Listings. Tr. 14.

Next, the ALJ determined that Truby retained the RFC to perform light work[2] and specified the following additional limitations: Truby could occasionally balance, kneel, crawl, and stoop; could not work on ladders, ropes, or scaffolds; could not crouch; could frequently reach overhead bilaterally, handle, finger, and grasp bilaterally; and could tolerate frequent exposure to fumes, odors, dusts, gases, and other pulmonary irritants. Tr. 15.

At step four, the ALJ found that Truby was unable to perform any past relevant work. Tr. 19. At step five, the ALJ found that Truby could adjust to other work that exists in significant numbers in the national economy given his RFC, age, education, and work experience. Tr. 19-20. Specifically, the VE testified that Truby could work as bagger, marking clerk, or routing clerk. Tr. 20. Therefore, the ALJ determined that Truby was not disabled.

## II. Analysis

Truby argues that the ALJ failed to consider his mental impairments in crafting the RFC and left a gap in the record as to his mental abilities.[3] The Court agrees.

---

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities. If someone can do light work, [the SSA] determine[s] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

[3] Truby advances other arguments that he believes require reversal of the Commissioner's decision. ECF No. 13-1 at 17-26 The Court will not reach these arguments because it remands based on the improper mental RFC determination.

**A. The Evidence Related to Truby's Mental Impairments**

Truby alleges mental impairments of anxiety, depression, and a learning disability, although these impairments were not included in his DIB application.

The record shows that Truby did not finish high school, but in elementary school, he scored 106 on a verbal IQ test, 120 on a performance IQ test, and 114 on a full-scale IQ test. Tr. 3003. A 2014 medical record indicated that he had no barriers to learning, but a 2015 medical record stated that he had a "probable learning disorder." Tr. 685, 2934.

Between September 2015 and April 2016, Truby attended psychological assessments and psychiatric evaluations at the Rochester Mental Health Center. Tr. 2913-2950. The psychological assessments were preformed by Barbara Norton, a licensed clinical social worker ("LCSW"), who diagnosed Truby with anxiety disorder. Tr. 2919. The psychiatric evaluations were performed by Katherine Duffy, M.D., who diagnosed Truby with major depression, single episode, with panic; moderate obsessive compulsive disorder; and general anxiety disorder, but she ruled out social anxiety. Tr. 2926. She later indicated a "provisional" PTSD diagnosis. Tr. 2934-35. Ms. Norton's and Dr. Duffy's treatment notes both indicated stressors due to Truby's familial, housing, and financial circumstances. Tr. 2913-2950.

In 2016, Michael Henderson, M.D., examined Truby and submitted a medical opinion statement as to his physical condition. Dr. Henderson also diagnosed Truby with anxiety and depression and indicated that he was capable of a low stress job. Tr. 2993, 2995. In 2014, a chiropractor, James Iwanoff, D.C., completed a medical source statement as to Truby's physical impairments and also indicated that Truby had psychological limitations and was incapable of performing a low stress job. Tr. 697-98.

### B. The ALJ's Step Two Analysis and Failure to Consider Nonsevere Impairments in RFC Analysis

At step two, the ALJ considered Truby's mental impairments and found them to be nonsevere. When an ALJ finds that a claimant has nonsevere impairments, he must consider those impairments in assessing the claimant's RFC. *See* 20 C.F.R. § 404.1545(a)(2). Failure to do so requires remand. *See Parker-Grose v. Astrue*, 462 F. App'x 16, 18 (2d Cir. 2012) (summary order); *Ames v. Berryhill*, No. 16-CV-316-FPG, 2017 WL 1276706, at *3 (W.D.N.Y. Apr. 6, 2017).

Here, the ALJ's RFC analysis does not discuss Truby's mental impairments or explain why the RFC lacked any mental limitations. Tr. 14-19. The ALJ only mentioned Truby's mental condition when he rejected Truby's Global Assessment of Functioning ("GAF") score of 50. Tr. 18.

Separately, in his step two analysis, the ALJ found that Truby's mental health records indicated only mild limitations in daily activities, social functioning, and cognition. Tr. 13. But the ALJ appears to have relied on raw medical data and his own lay opinion to reach this conclusion, because he ignored the only medical opinions as to how Truby's mental limitations would or would not affect his ability to work. Specifically, Dr. Henderson opined that Truby could only perform a low stress job, and Dr. Iwanoff opined that he could not even perform a low stress job. Tr. 698, 2995. But the ALJ did not discuss either of these mental health opinions at all.

The ALJ may have properly rejected these opinions—as they were both from sources who primarily evaluated Truby's physical condition—but he was nevertheless obligated to develop the record by obtaining a medical opinion as to Truby's mental ability to perform work-related functions. *See Covey v. Colvin*, 204 F. Supp. 3d 497, 507 (W.D.N.Y. 2016) (noting that the ALJ's rejection of the treating physician's opinion created a "significant and obvious gap in the

evidentiary record" because "the record contained no competent medical opinion regarding Plaintiff's RFC during the relevant time period") (emphasis in original). The ALJ has an affirmative duty to develop the administrative record due to the "non-adversarial nature of a benefits proceeding." *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996). Specifically, the ALJ must "make every reasonable effort" to develop a claimant's "complete medical history" for at least the twelve months preceding the month in which the claimant filed his or her application. 20 C.F.R. § 404.1512(b). Remand is warranted if the ALJ fails to fulfill his or her duty to develop the record. *Pratts*, 94 F.3d at 39.

Here, although the record contained some evidence of Truby's mental impairments beyond Dr. Henderson's and Dr. Iwanoff's ignored opinions, none of it was in the form of an opinion as to Truby's mental ability to perform work-related functions. Rather, the evidence consisted of raw medical data such as diagnoses and treatment notes. It is well settled that "[a]n ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." *Wilson v. Colvin*, No. 13-CV-6286P, 2015 WL 1003933, at *21 (W.D.N.Y. Mar. 6, 2015) (citation omitted). Thus, even though the Commissioner is empowered to make the RFC determination, "[w]here the medical findings in the record merely diagnose [the] claimant's . . . impairments and do not relate those diagnoses to specific residual functional capabilities," the general rule is that the Commissioner "may not make the connection himself." *Id.* (citation omitted).

It does not appear that the ALJ ever attempted to solicit a medical opinion from Dr. Duffy, who evaluated Truby on at least three occasions within three months. Tr. 2924, 2933, 2935. Given the lack of a medical opinion as to Truby's mental ability to work, the Court finds that there was

an "obvious gap" in the record and that the ALJ was therefore obligated to seek additional evidence. Accordingly, remand is required.

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 13) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 18) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000); 42 U.S.C. § 1383(c)(3). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: May 29, 2019
       Rochester, New York

                                                  HON. FRANK P. GERACI, JR.
                                                  Chief Judge
                                                  United States District Court